IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY JOHNSON,         :
    Plaintiff,         :
                                        :           No. 1:16-CV-0841
    v.         :
                                        :          (Judge Kane)
KEVIN MISKELL,           :
    Defendant         :

**MEMORANDUM**

Pending before this Court is a motion to reopen discovery (Doc. No. 44), a motion to compel answers to interrogatories (Doc. No. 49), and a motion to determine the sufficiency of Defendant's objections (Doc. No. 50), filed by pro se Plaintiff, Timothy Johnson, in this civil rights action brought pursuant to 42 U.S.C. § 1983. Defendant has also filed a motion for an extension of the dispositive motion deadline. (Doc. No. 51.) The motions have been fully briefed and are now ripe for disposition.

**I.    BACKGROUND**

Plaintiff's amended complaint alleges that he was improperly designated to a sex offender treatment program ("SOTP"), resulting in psychological and physical injury and the denial of parole. (Doc. No. 1.) On December 15, 2016, Defendant filed an answer to the amended complaint. (Doc. No. 28.) By scheduling Order dated March 28, 2017, the Court directed that all discovery be completed within ninety (90) days and that any dispositive motions be filed within thirty (30) days thereafter. (Doc. No. 35.) Plaintiff propounded his first set of interrogatories and document production requests on Defendant on May 19, 2017, his first requests for admission on June 1, 2017, and his second set of document production requests on June 5, 2017. (See Doc. No. 44.) Defendant has responded to the majority of Plaintiff's discovery requests, with the exception of Plaintiff's second set of document production requests,

1

which seek Plaintiff's entire mental health record. (Doc. No. 44.) The discovery period having closed pursuant to this Court's March 28, 2017 scheduling order, Plaintiff now seeks to reopen discovery in order to compel Defendant to respond to a number of the interrogatories and document production requests.

## II. DISCUSSION

### A. Motion to reopen discovery

Plaintiff requests that the Court reopen the discovery deadline for an additional sixty (60) days and compel Defendant to answer certain discovery requests propounded on him. Defendant opposes the reopening of discovery on the basis that it will unnecessarily delay this action since, in Defendant's view, Plaintiff's amended complaint, premised on an alleged right to parole, is meritless. Therefore, Defendant asserts that Plaintiff's requested discovery is irrelevant. (Doc. No. 46 at 1-2.)

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This authority extends to requests to reopen discovery." In Re Chocolate Confectionary Antitrust Litig., No. 1:08-MDL-1935, 2013 WL 3873225, at *2 (M.D. Pa. July 25, 2013) (citing Aamco Transmissions, Inc. v. Marino, Nos. 88-5522, 88-6197, 1991 WL 40336 (E.D. Pa. Mar. 19, 1991)). This standard is significantly more stringent than the standard in Rule 15(a)(2), providing that courts should "freely give leave [to amend] when justice so requires." Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010) (citing Fed. R. Civ. P. 15(a)(2)). A movant's "due diligence" is essential in establishing good cause. Race Tires, 614 F.3d at 84; see also Brown v. Am. Sintered Techs., No. 4:14-CV-0410, 2015 WL 917293 (M.D. Pa. Mar. 3, 2015) (explaining that the "good cause standard . . . hinges on diligence of the

movant") (citing Venetec Inter., Inc. v. Nexus Med., LLC, 541 F. Supp. 2d 612, 618 (D. Del. 2008)).  Finally, "district courts have broad discretion to manage discovery."  Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995).

The Court is persuaded that Plaintiff has satisfied the good cause standard.  The Court initially notes that Defendant's characterization of Plaintiff's claim as limited to an alleged right to parole may be too narrow, as it appears that Plaintiff also takes issue with his designation as a sex offender and the treatment that accompanies such a designation, such as the SOTP,[1] arguing that such a designation triggers an independent liberty interest.  See Renchenski v. Williams, 622 F.3d 315, 328 (3d Cir. 2010) (finding that "the stigmatizing effects of being labeled a sex offender, when coupled with mandatory behavioral modification therapy, triggers an independent liberty interest").

The information Plaintiff seeks, set forth more fully below, addresses the circumstances surrounding Plaintiff's placement in the SOTP.  Accordingly, the Court will grant Plaintiff's motion to reopen discovery for a forty-five (45) day period, with the dispositive motion deadline to be stayed pending further order of this Court.

**B. Motion to compel discovery**

### i. May 19, 2017 and June 5, 2017 Interrogatories

Central to Plaintiff's instant motion to compel are four interrogatories dated May 19, 2017 and one interrogatory dated June 5, 2017.  The parties' discovery dispute is manifold, consisting of privilege invocations and relevance objections, as well as an overarching assertion that the evidence sought by Plaintiff implicates institutional security concerns.  Those interrogatories and Defendant's responses are as follows:

---

[1] Pennsylvania's SOTP is entitled "Responsible Living: A Sex Offender Treatment Program" and consists of a seven-phase behavioral course.

3. State the procedure in effect during February of 2014 for performing a "Static 99 test." If these procedures are set forth in any job description or other document, produce the documents(s)

Response: Defendant no longer possesses the "Static 99" procedures in use in 2014. By way of further answer, this question is objectionable since it requests confidential information which is not provided to inmates pursuant to DOC policy. Those policies that are available to inmates are present in the prison library, and are available for review. Copies will be provided upon payment of copying costs by the inmate.

6. Produce the Department of Corrections' Policy Statement on access to mental health care ("Policy 13.8.1"), including section 11(b), which governs "risk/need assessment", and outlines how the Department of Corrections evaluates sex offenders. This needs to be the version that was in effect during February of 2014.

Response: OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of the inmates as well as provide security for the DOC staff and the general public.

7. Produce any and all reports of any actuarial risk assessment tools in determining Plaintiff Johnson's "Static 99" report.

Response: OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of inmates as well as provide security for the DOC staff and the general public.

8. State the names, titles and duties of all staff members at SCI Dallas and Department of Corrections Central Offices who were personally involved and responsible for reviewing Plaintiff Johnson's eligibility requirements for admission into sex offender treatment program, as well as securing assessment information. If there is any record of correspondence between the aforementioned parties, produce the document(s).

Response: Robert Marsh, PH. D. Licensed Psychologist Manager, Scott Buchanan, Ph. D., Licensed Psychologist Manager, and Julie Tilghman, Esq., former Counsel to DOC. See JohnsonT.DEF000008-000014. Please note redactions are for confidential information to which inmates are not entitled pursuant to DOC policy. The final redaction is not responsive to the question.

9. Produce Plaintiff Johnson's Mental Health records in their entirety.

> Defendant admits he has not responded to this requests, asserting that Plaintiff is not entitled to his entire mental health records pursuant to DOC policy, but that Plaintiff has been told he can view those portions of the documents he is entitled to see. (Doc. 46 at 4.)

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The court's decision regarding the conduct of discovery, including whether to compel disclosure, will only be disturbed on a showing of an abuse of discretion. See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

The Court concludes that the information sought by Plaintiff is facially relevant to his constitutional claims and thus is discoverable under Rule 26. It speaks directly to the procedural criteria for placement in the SOTP; that is, why Plaintiff was recommended for placement in the program; who recommended Plaintiff for placement in the program; and his eligibility for the program. However, as noted above, a valid claim of "privilege operates to restrict a court's

5

otherwise broad discretion under Rule 26(b)(1)." McConnell, 280 F.R.D. at 192-93. Defendant contends that security concerns counsel against disclosure of the "Static 99" and risk/need assessment procedures requested in the interrogatories. Defendant provides a general statement that the "release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of the inmates as well as provide security for the DOC staff and the general public." (Doc. 49-2.)

However, Defendant does not provide any specifics regarding why the release of this information to Plaintiff would pose a security risk for the DOC staff and general public. The Court appreciates that certain disclosures of sensitive documents generated by prison personnel may jeopardize institutional security and the individual safety of prison staff, and the potential threat posed by such disclosure is a proper consideration for the court. See, e.g., Mearin v. Folino, No. 11-571, 2012 WL 4378184, at *3-7 (W.D. Pa. Sept. 24, 2012); Mincy v. Chmielewski, No. 1:05-CV-292, 2006 WL 3042968, at *2 (M.D. Pa. Oct. 25, 2006). However, the Court cannot determine the nature of the potential threat posed by such disclosure given the limited information currently before it.[2]

Given the probative value of the evidence sought by Plaintiff, the Court and the parties must endeavor to strike a proper balance between Plaintiff's right to prosecute his claims and Defendant's interest in institutional safety. For instance, courts have previously authorized disclosure of sensitive but highly relevant prisoner mental health records subject to a

---

[2] Additionally, to the extent that Defendant raises deliberate process privilege, which authorizes the government to withhold from production documents which contain "confidential deliberations of law or policymaking, reflecting opinions, recommendations, or advice," the government bears the initial burden of establishing its applicability, and must present "more than a bare conclusion or statement that the documents sought are privileged." Redland Soccer Club, Inc. v. Dep't of the Army of the United States, 55 F.3d 827, 853 (3d Cir. 1995) (quoting case omitted). Defendant has not done so here.

"precondition of execution of confidentiality agreement," Mincy, 2006 WL 3042968, at *2, or an "appropriate protective order" which, if necessary, "restrict[s] the disclosure of certain information." Gevas v. McLaughlin, 798 F.3d 475, 486 (7th Cir. 2015).

In light of the above, the Court will direct Defendant to answer interrogatory numbers three, six, seven, eight, and nine, within fifteen (15) days, curing the defects in the responses, subject to any appropriate, and fully set forth, objection such as the deliberate process privilege or security concern. See Sinclair Cattle Co., Inc. v. Ward, No. 14-CV-1144, 2015 WL 6125260, at *3 (M.D. Pa. Oct. 16, 2015) (citing Fed. R. Civ. P. 15(a)(2)).

### ii. May 19, 2017 Requests for Admission

Plaintiff also seeks to compel Defendant to respond to five requests for admission propounded upon Defendant on May 19, 2017. Federal Rule of Civil Procedure 36 authorizes a party to serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) Facts, the application of law to fact, or opinions about either; and

(B) The genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1)(A)&(B). Rule 36 permits a responding party to object to any requests for admission but requires that "the grounds for objecting to the request be stated" and "a party must not object solely on grounds that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

The requests for admission and Defendant's responses are as follows:

> 2. On or about March 6th 2014, Defendant Miskell received an inmate request to staff form (DC-135a) from Plaintiff Johnson, in which Plaintiff Johnson explained to Defendant Miskell that he is not a sex offender, that he had completed all of his programs, and that he was waiting to see parole. Plaintiff Johnson also stated he had no business being on the S.O.P. roster and asked to be taken off the roster.

7

Response: Denied. Paragraph 2 is a paraphrase of the document. The document speaks for itself.

3. On March 10, 2014, Defendant Miskell sent his response to Plaintiff Johnson via the DC-135, a request form Plaintiff Johnson sent. In his response, Defendant Miskell explained that parole asked for Plaintiff Johnson to be reviewed for S.O.P. placement, and that he contacted Central Offices and they agreed that he be assessed for S.O.P. placement, and that he was evaluated and deemed eligible for S.O.P. placement.

Response: Denied. Paragraph 3 is a paraphrase of the document. The document speaks for itself.

5. On or about March 14, 2014, Defendant Miskell received a second DC-135a request form from Plaintiff Johnson, in which Plaintiff Johnson asked for the names of the members of the Parole Board that recommended that Plaintiff Johnson be reviewed for S.O.P. placement, as well as the names of the staff at Central Offices that agreed that Plaintiff Johnson be evaluated for S.O.P. placement.

Response: Denied. Paragraph 5 is a paraphrase of the document. The document speaks for itself.

6. On or about March 18, 2014, Defendant Miskell sent his response to Plaintiff Johnson's second DC-135a request form, stating he did not have the names of the parole board members that asked for him to be reviewed for S.O.P. placement, and that he couldn't give pm the names of the staff at Central Offices for security reasons. Defendant Miskell also stated that Plaintiff Johnson could request a Due Process Hearing to resolve the matter.

Response: Denied. Paragraph 6 is a paraphrase of the document. The document speaks for itself. It is admitted that Plaintiff was advised by Defendant that he could request a due process hearing.

9. On or about March 20, 2014, Defendant Miskell received his third DC-135a request to staff member form from Plaintiff Johnson, in which he stated that he wanted to request a Due Process Hearing.

Response: Denied. Paragraph 9 is a paraphrase of the document. The document speaks for itself. (Doc. No. 50-1).

The Court notes that it is an appropriate use of a request for admission to ask a party to admit that a document contains certain language or provisions. Guinan v. A.I. DuPont Hosp. For

Children, No. 08-228, 2008 WL 938874, at *5 (E.D. Pa. Apr. 7, 2008) (observing that it is appropriate to request a party to admit that document contains quoted language). Accordingly, Defendant's objection on the basis that the document referenced in the request "speaks for itself" is not proper. Guinan, 2008 WL 938874, at *5 ("It is not grounds for objection that the quoted or referenced statements [in a request for admission] are misquoted or taken out of context, or that the documents 'speak for themselves.'"); Miller v. Holzmann, 249 F.R.D. 1, 4 (D.D.C. 2006) ("the tautological 'objection' that the finder of fact can read the document for itself to see if the quote is accurate is not a legitimate objection but an evasion of the responsibility to either admit or deny a request for admission, unless a legitimate objection can be made or the responding party explains in detail why it can neither admit or deny the request."); Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., No. 88-9752, 1992 WL 394425 at *10 n.6 (E.D. Pa. Dec. 28, 1992) (observing that a response stating that a document speaks for itself is a "wholly inappropriate response to a request for admission" because "[a] party is not free to simply refer to other material, but must admit, deny, deny in part and admit in part, or state that it is unable to admit or deny the statement."). Therefore, Plaintiff's motion to compel a response to his requests for admission numbers two, three, five, six, and nine will be granted. See York Group, Inc. v. Pontone, No. 2:10-CV-1078, 2012 WL 12895535, at *3 (W.D. Pa. Nov. 30, 2012).

### III. CONCLUSION

Based on the foregoing analysis, the Court will grant Plaintiff's motion to reopen discovery for a forty-five (45) day period, with the dispositive motion deadline stayed pending further order of this Court. Further, the Court will grant Plaintiff's motion to compel discovery, and will direct Defendant to answer interrogatory numbers three, six, seven, eight, and nine, within fifteen (15) days of the date of this Order, curing the defects in the responses. Any

9

objection on security grounds shall be supported by detailed factual assertions and legal authority. The Court will also direct Defendant to respond to Plaintiff's requests for admission numbers two, three, five, six, and nine within fifteen (15) days of the date of this Order, in accordance with the Federal Rules of Civil Procedure as set forth above.