IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY JOHNSON, | : | |
| Plaintiff | : | |
| | : | No. 1:16-cv-0841 |
| v. | : | |
| | : | (Judge Kane) |
| KEVIN MISKELL, | : | |
| Defendant | : | |

**MEMORANDUM**

Before the Court is Plaintiff's second motion to compel discovery, combined with a motion to appoint counsel and motion for additional discovery. (Doc. No. 57.) Defendant filed a brief in opposition (Doc. No. 58), and Plaintiff filed a reply brief (Doc. No. 59). The Court granted Defendant leave to file a sur-reply brief (Doc. No. 62), and Defendant filed a sur-reply brief on December 28, 2017 (Doc. No. 63). Plaintiff then filed a motion for reconsideration on January 2, 2018, requesting that this Court deny Defendant's motion to file a sur-reply brief or in the alternative, strike the sur-reply brief from the record. (Doc. No. 64.)

**I.  BACKGROUND**

Plaintiff's amended complaint alleges that he was improperly designated to a sex offender treatment program ("SOTP"), resulting in psychological and physical injury and the denial of parole. (Id. at 1.) Having previously filed a motion to compel that was granted by this Court (Doc. No. 55), the substance of Plaintiff's second motion to compel (Doc. No. 57), has been largely addressed by this Court's August 28, 2017 Memorandum (Doc. No. 55). Specifically, in Plaintiff's previous motion to compel, he sought an order compelling Defendant to respond to interrogatory numbers three, six, seven, eight, and nine, and challenged Defendant's objections based on relevancy and security concerns. (Doc. No. 54 at 3, 4.) This

1

Court concluded that the information sought in discovery requests three, six, seven, eight, and nine were relevant and thus discoverable under Federal Rule of Civil Procedure 26. (Id. at 5.)

Addressing Defendant's contention that the release of such information requested by Plaintiff would pose a security risk, this Court provided that while it "appreciates that certain disclosures of sensitive documents generated by prison personnel may jeopardize institutional security and the individual safety of prison staff, and the potential threat posed by such disclosure is a proper consideration for the court," it was unable to "determine the nature of the potential threat posed by such disclosure" on the basis of the bare statements provided by Defendant. (Id. at 6.) Accordingly, the Court directed Defendant to answer interrogatory numbers three, six, seven, eight, and nine, "subject to any appropriate, and fully set forth, objection" such as a security concern. (Id. at 7.)

Defendant complied with this Court's August 28, 2017 Order (Doc. No. 55), by amending his responses, however, these responses are not to the satisfaction of Plaintiff because Defendant again objects to the disclosure of certain documents citing security concerns (Doc. No. 58). This has prompted Plaintiff to file the instant motion to compel along with a motion to appoint counsel, motion for additional discovery (Doc. No. 57), and a motion for reconsideration of this Court's December 19, 2017 Order granting Defendant's motion for leave to file a sur-reply brief (Doc. No. 64).

## II.  DISCUSSION

### A.  Plaintiff's Second Motion to Compel

Central to Plaintiff's instant motion to compel are five interrogatories. Those interrogatories and Defendant's amended/supplemental responses are as follows:

3. State the procedure in effect during February of 2014 for performing a "Static 99 test." If these procedures are set forth in any job description or other document, produce the documents(s)

Response: Defendant no longer possesses the "Static 99" procedures in use in 2014. By way of further answer, this question is objectionable since it requests confidential information which is not provided to inmates pursuant to DOC policy. Those policies that are available to inmates are present in the prison library, and are available for review. Copies will be provided upon payment of copying costs by the inmate.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

6. Produce the Department of Corrections' Policy Statement on access to mental health care ("Policy 13.8.1"), including section 11(b), which governs "risk/need assessment", and outlines how the Department of Corrections evaluates sex offenders. This needs to be the version that was in effect during February of 2014.

Response: OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of the inmates as well as provide security for the DOC staff and the general public.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

7. Produce any and all reports of any actuarial risk assessment tools in determining Plaintiff Johnson's "Static 99" report.

Response: OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of inmates as well as provide security for the DOC staff and the general public.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of

Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

8. State the names, titles and duties of all staff members at SCI Dallas and Department of Corrections Central Offices who were personally involved and responsible for reviewing Plaintiff Johnson's eligibility requirements for admission into sex offender treatment program, as well as securing assessment information. If there is any record of correspondence between the aforementioned parties, produce the document(s).

Response: Robert Marsh, PH. D. Licensed Psychologist Manager, Scott Buchanan, Ph. D., Licensed Psychologist Manager, and Julie Tilghman, Esq., former Counsel to DOC. See JohnsonT.DEF000008-000014. Please note redactions are for confidential information to which inmates are not entitled pursuant to DOC policy. The final redaction is not responsive to the question.

Supplemental Response: This response is supplemented by reference to the fact that the Defendant provided an unredacted copy of the emails concerning his Static-99 test recommendation to the Plaintiff on August 25, 2017 as Exhibit C to Defendant's Answer to Motion to Compel. (Doc. 53)

9. Produce Plaintiff Johnson's Mental Health records in their entirety.

Response: OBJECTION. Pursuant to DOC policy, inmates are not entitled to receive their entire mental health records. As is admitted by the Plaintiff in his Brief in Support of his Motion to Compel, the Plaintiff was able to review the non-privileged portion of his file on July 26, 2017 for the year 2014, the year applicable to his case. There was no relevance to his 2013 records since it pre-dated the incidents which form the basis of his Complaint.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, PSY.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the complete Mental Health records are not provided to inmates pursuant to DOC policy.

(Doc. 58-1 at 7-11.)

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The court's decision regarding the

conduct of discovery, including whether to compel disclosure, will only be disturbed on a showing of an abuse of discretion. See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

This Court's relevancy conclusions as set forth in its August 28, 2017 Memorandum (Doc. No. 54), are equally applicable to the Court's conclusion today, that the information Plaintiff seeks Defendant to produce is discoverable under Rule 26. However, unlike his previous vague objection citing security concerns, Defendant now attaches supporting declarations submitted under penalty of perjury from John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. (Doc. No. 58, Exs. C, D.) These Declarations set forth what Defendant considers to be the specific risks involved in releasing the Static-99 analysis to inmates. (Id.)

Clearly, in order to ensure secure operation of a state correctional facility, there are certain internal procedures which must be protected from disclosure to the public. See McDowell v. Litz, Civ. No. 08-1453, 2009 WL 20158712, at *4 (M.D. Pa. July 10, 2009). The

Court does appreciate that certain disclosures of sensitive documents generated by prison personnel may jeopardize institutional security and individual safety of prison staff, and the potential threat posed by such disclosure is a proper consideration for the Court. See, e.g., Mearin v. Folino, No. 11-571, 2012 WL 4378184, at *3-7 (W.D. Pa. Sept. 24, 2012); Mincy v. Chmielewski, No. 1:05-CV-292, 2006 WL 3042968, at *2 (M.D. Pa. Oct. 25, 2006).

Based upon a review of the record and the probative value of the evidence sought by Plaintiff weighed against the security concerns established by John Wetzel and Robert Marsh, and in order to ensure the fair administration of justice, the Court will direct Defendant to submit for in camera inspection by the Court within twenty (20) days of the date of this Memorandum's corresponding Order, all responsive answers and materials to Plaintiff's interrogatory and request for production of documents numbers three, six, seven, and eight, that Defendant has not already answered or produced to Plaintiff. See Kerr v. United States, 426 U.S. 394, 405 (1976) (in camera review of documents insures balance between defendant's claim of irrelevance/privilege and plaintiff's asserted need for the documents); see also Lyons v. Beard, Civ. No. 07-2278, 2010 WL 890009 (M.D. Pa. Mar. 8, 2010). The Court will then determine whether the materials should be disclosed to Plaintiff. Defendant will further be directed to provide Plaintiff with an opportunity to inspect and copy any non-privileged portion of Plaintiff's 2013 mental health record.[1]

---

[1] Plaintiff also seeks motion for additional discovery, ostensibly to authenticate an email chain produced to Plaintiff during discovery. (Doc. Nos. 57, 59, 64.) In reviewing the record, Defendant has produced responsive documents to Plaintiff's request regarding the emails and Plaintiff does not dispute this. (Doc. No. 63.) Rather, Plaintiff questions the authenticity of the email chain and requests additional discovery in order to authenticate this email chain. (Doc. No. 59 at 13.) Defendant has subsequently supplied Plaintiff with two affidavits, one from Defendant explaining why he kept the subject e-mail chain and an affidavit from Glenn Burkhart, Chief of Enterprise Messaging for the Office of Administration, which explains the

### B. Plaintiff's Motion to Appoint Temporary Counsel

Plaintiff seeks temporary appointment of counsel to assist him through the remainder of discovery. (Doc. No. 57 at 13-19.) The crux of his motion centers around his assertion that he has encountered resistance from Defendant throughout discovery and that he is unable to comply with the discovery rules. (Id. at 15.) Plaintiff believes that if he were appointed temporary counsel, his counsel would help alleviate the discovery dispute relevant the Static-99 report, the DOC's policy, and his mental health records. (Id. at 17.)

The Court will deny without prejudice Plaintiff's motion to appoint temporary counsel for the same reasons set forth in its June 21, 2017 Order (Doc. No. 43). In addition to the Court's analysis set forth in its June 21, 2017 Order, the Court further finds that because Defendant is being directed to submit to the Court for in camera review those disputed documents Plaintiff seeks, this should all but moot his current arguments for appointment of temporary counsel. However, should future proceedings demonstrate the need for counsel, the matter may be reconsidered by the Court either sua sponte or upon a motion filed by Plaintiff.

### C. Plaintiff's Motion for Reconsideration

The final motion pending before the Court is Plaintiff's motion for reconsideration (Doc. No. 64), of this Court's December 19, 2017 Order granting Defendant's motion for leave to file a sur-reply brief to Plaintiff's motion to compel (Doc. No. 62). Plaintiff maintains that this Court granted Defendant's motion for leave to file a sur-reply brief before allowing Plaintiff an opportunity to opposed the motion. (Doc. No. 64 at 2.) Plaintiff further argues that this Court should deny Defendant's motion to file a sur-reply brief or alternatively, strike its sur-reply from

---

record retention procedures. (Doc. No. 63, Exs. A, B.) Given Defendant's subsequent response, the Court will deny Plaintiff's motion for additional discovery as moot.

the record because Defendant has not provided any case law as to why he should have been granted the opportunity to file a sur-reply brief. (Id.)

Middle District Local Rule 7.6 prescribes the time in which oppositional briefs must be filed. That same rule also provides that "[n]othing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition." Local Rule 7.6. Additionally, Local Rule 7.7 requires leave of court prior to filing sur-reply briefs. Local Rule 7.7. Also, where a court determines that it wishes further briefing of an issue, the court may order and accept additional briefing materials. See U.S. v. Int'l Machines Corp., 666 F.R.D. 383 (S.D. N.Y. 1975); see also 27A Fed. Proc., L. Ed. § 62:354.

The Court discerns no error on its part in granting Defendant leave to file a sur-reply brief. Local Rule 7.6 explicitly provides this Court with the authority to grant the motion prior to the filing of a brief in opposition. Additionally, the Court has the authority to grant either party leave to file additional briefs. See Local Rule 7.7. Accordingly, there was no error in this Court granting Defendant's motion for leave to file a sur-reply brief and neither party has been prejudiced. Consequently, the Court will deny Plaintiff's motion for reconsideration.

### III. CONCLUSION

In accordance with the foregoing, Plaintiff's motion to compel (Doc. No. 57), will be granted as follows. Defendant shall submit for in camera inspection by the Court within twenty (20) days of the date of this Memorandum's corresponding Order, all responsive answers and materials to Plaintiff's interrogatory and request for production of documents numbers three, six, seven, and eight, that Defendant has not already answered or produced to Plaintiff. Defendant will further be directed to provide Plaintiff with an opportunity to inspect and copy any non-

privileged portion of Plaintiff's 2013 mental health record.  Plaintiff's motion to appoint temporary counsel (id.), will be denied without prejudice, and Plaintiff's motion for additional discovery (id), will be denied as moot.  Lastly, Plaintiff's motion for reconsideration (Doc. No. 64), will be denied.  An appropriate Order follows.