# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY JOHNSON, : | |
|     Plaintiff : | |
| : | No. 1:16-cv-0841 |
| v. : | |
| : | (Judge Kane) |
| KEVIN MISKELL, : | |
|     Defendant : | |

## MEMORANDUM

### I. BACKGROUND

In his amended complaint, Plaintiff Timothy Johnson ("Plaintiff") alleges that he was improperly designated to a sex offender treatment program ("SOTP"), resulting in psychological and physical injury and the denial of parole. (Doc. No. 20.) On December 15, 2016, Defendant filed an answer to the amended complaint. (Doc. No. 28.) By Order filed March 28, 2017, the Court directed that all discovery be completed within ninety (90) days and that any dispositive motions be filed within thirty (30) days thereafter. (Doc. No. 35.)

Plaintiff propounded his first set of interrogatories and document production requests to Defendant on May 19, 2017, his first requests for admission on June 1, 2017, and his second set of document production requests on June 5, 2017. (See Doc. No. 44.) Defendant responded to the majority of Plaintiff's discovery requests, with the exception of Plaintiff's second set of document production requests, which sought Plaintiff's entire mental health record. (See id.)

The discovery period closed on June 26, 2017. On July 12, 2017, Plaintiff filed a motion to reopen discovery in order to compel Defendant to respond to a number of the interrogatories and document production requests. (Id.) He also filed a motion to compel answers to interrogatories (Doc. No. 49), and a motion to determine sufficiency of Defendant's objections to his requests for admission (Doc. No. 50). Specifically, Plaintiff sought an Order compelling

Defendant to respond to interrogatory numbers three, six, seven, eight, and nine, and challenged Defendant's objections based on relevancy and security concerns. (See Doc. No. 54 at 3-4.)

In a Memorandum and Order issued on August 28, 2017, the Court granted Plaintiff's motions, concluding that the information sought in discovery requests three, six, seven, eight, and nine was relevant and thus discoverable under Rule 26 of the Federal Rules of Civil Procedure. (Doc. Nos. 54, 55.) Addressing Defendant's contention that the release of such information requested by Plaintiff would pose a security risk, this Court stated that while it "appreciates that certain disclosures of sensitive documents generated by prison personnel may jeopardize institutional security and the individual safety of prison staff, and the potential threat posed by such disclosure is a proper consideration for the court," it was unable to "determine the nature of the potential threat posed by such disclosure" on the basis of the bare statements provided by Defendant. (Doc. No. 54 at 6.) Accordingly, the Court directed Defendant to answer interrogatory numbers three, six, seven, eight, and nine, "subject to any appropriate, and fully set forth, objection" such as a security concern. (Id. at 7.)

Defendant complied with this Court's August 28, 2017 Order (Doc. No. 55), by amending his responses; however, these responses were not to the satisfaction of Plaintiff because Defendant again objected to the disclosure of certain documents citing security concerns (Doc. No. 58). Thus, Plaintiff filed another motion to compel along with a motion to appoint counsel and motion for additional discovery. (Doc. No. 57.)

As noted above, Plaintiff's motions to compel sought responses to discovery requests three, six, seven, eight, and nine. Those interrogatories and Defendant's amended/supplemental responses are as follows:

2

3. State the procedure in effect during February of 2014 for performing a "Static 99 test." If these procedures are set forth in any job description or other document, produce the documents(s)

Response: Defendant no longer possesses the "Static 99" procedures in use in 2014. By way of further answer, this question is objectionable since it requests confidential information which is not provided to inmates pursuant to DOC policy. Those policies that are available to inmates are present in the prison library, and are available for review. Copies will be provided upon payment of copying costs by the inmate.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

6. Produce the Department of Corrections' Policy Statement on access to mental health care ("Policy 13.8.1"), including section 11(b), which governs "risk/need assessment", and outlines how the Department of Corrections evaluates sex offenders. This needs to be the version that was in effect during February of 2014.

Response: OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of the inmates as well as provide security for the DOC staff and the general public.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

7. Produce any and all reports of any actuarial risk assessment tools in determining Plaintiff Johnson's "Static 99" report.

Response: OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of inmates as well as provide security for the DOC staff and the general public.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of

Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

8. State the names, titles and duties of all staff members at SCI Dallas and Department of Corrections Central Offices who were personally involved and responsible for reviewing Plaintiff Johnson's eligibility requirements for admission into sex offender treatment program, as well as securing assessment information. If there is any record of correspondence between the aforementioned parties, produce the document(s).

Response: Robert Marsh, PH. D. Licensed Psychologist Manager, Scott Buchanan, Ph. D., Licensed Psychologist Manager, and Julie Tilghman, Esq., former Counsel to DOC. See JohnsonT.DEF000008-000014. Please note redactions are for confidential information to which inmates are not entitled pursuant to DOC policy. The final redaction is not responsive to the question.

Supplemental Response: This response is supplemented by reference to the fact that the Defendant provided an unredacted copy of the emails concerning his Static-99 test recommendation to the Plaintiff on August 25, 2017 as Exhibit C to Defendant's Answer to Motion to Compel. (Doc. 53)

9. Produce Plaintiff Johnson's Mental Health records in their entirety.

Response: OBJECTION. Pursuant to DOC policy, inmates are not entitled to receive their entire mental health records. As is admitted by the Plaintiff in his Brief in Support of his Motion to Compel, the Plaintiff was able to review the non-privileged portion of his file on July 26, 2017 for the year 2014, the year applicable to his case. There was no relevance to his 2013 records since it pre-dated the incidents which form the basis of his Complaint.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, PSY.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the complete Mental Health records are not provided to inmates pursuant to DOC policy.

(Doc. 58-1 at 7-11.)

In a Memorandum and Order issued on June 12, 2018, the Court granted Plaintiff's motion to compel to the extent that Defendant was directed to submit for in camera inspection, within twenty (20) days, all answers and materials responsive to requests three, six, seven, and

4

eight, that Defendant had not already produced to Plaintiff. (Doc. Nos. 65, 66.) In so ruling, the Court noted that an in camera inspection would permit it to weigh the "probative value of the evidence sought by Plaintiff weighed against the security concerns established by John Wetzel and Robert Marsh." (Doc. No. 65 at 6.) The Court also directed Defendant to provide Plaintiff an opportunity to inspect and copy any non-privileged portion of his 2013 mental health record within twenty (20) days and denied as moot his motion for additional discovery. (Doc. Nos. 65, 66.)

Defendant has submitted for in camera inspection all answers and materials responsive to requests three, six, seven, and eight. The Court has reviewed the submitted materials and sets forth its conclusions about each discovery request and whether the materials should be disclosed to Plaintiff below.

## II. DISCUSSION

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion. See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – liberally apply discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D.

5

Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). See McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

Clearly, in order to ensure secure operation of a state correctional facility, there are certain internal procedures which must be protected from disclosure to the public. See McDowell v. Litz, No. 08-1453, 2009 WL 20158712, at *4 (M.D. Pa. July 10, 2009). The Court appreciates that certain disclosures of sensitive documents generated by prison personnel may jeopardize institutional security and the individual safety of prison staff, and the potential threat posed by such disclosure is a proper consideration for the Court. See, e.g., Mearin v. Folino, No. 11-571, 2012 WL 4378184, at *3-7 (W.D. Pa. Sept. 24, 2012); Mincy v. Chmielewski, No. 1:05-CV-292, 2006 WL 3042968, at *2 (M.D. Pa. Oct. 25, 2006).

### A. Discovery Request Three

Discovery request three, and Defendant's responses, state:

> 3. State the procedure in effect during February of 2014 for performing a "Static 99 test." If these procedures are set forth in any job description or other document, produce the documents(s)
>
> Response: Defendant no longer possesses the "Static 99" procedures in use in 2014. By way of further answer, this question is objectionable since it requests confidential information which is not provided to inmates pursuant to DOC policy. Those policies that are available to inmates are present in the prison library, and are available for review. Copies will be provided upon payment of copying costs by the inmate.
>
> Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

(Doc. No. 58-1 at 7.) Defendant has submitted for in camera review a copy of the Static-99 coding rules, as revised in 2003.

The Court previously determined that the information Plaintiff seeks is facially relevant. (See Doc. No. 54 at 5.) However, as noted above, the Court must balance the need for the information and a claim of privilege. Defendant previously provided a declaration from Robert Marsh, Psy.D. ("Marsh"), who states that "a number of the questions in the Static-99 are susceptible to manipulation by the inmates if they were to understand the significance of their responses to questions on the test." (Doc. No. 58-1 at 28 ¶ 9.) If the Static-99 "fails to accurately report information relevant to an assessment of an inmate, the inmate may be placed in a program or given a release date for which the inmate is not suitable. This creates the potential for harm to the inmate, Staff and the community at large." (Id. ¶ 11.) After reviewing the Static-99 procedures, the Court fully agrees that these coding rules should not be released to Plaintiff for the reasons set forth by Marsh. As discussed below, the Court will require Defendant to produce other sources of information, including copies of the requested administrative policy. However, the Static-99 coding rules includes information that, if divulged to inmates, could threaten the safety of the correctional institutions as well as the public.

**B.      Discovery Request Six**

Discovery request six, and Defendant's responses, state:

6.      Produce the Department of Corrections' Policy Statement on access to mental health care ("Policy 13.8.1"), including section 11(b), which governs "risk/need assessment", and outlines how the Department of Corrections evaluates sex offenders. This needs to be the version that was in effect during February of 2014.

Response:      OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff

and administration to effectively maintain care, custody and control of the inmates as well as provide security for the DOC staff and the general public.

Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

(Doc. No. 58-1 at 8.)

Upon review, the Court notes that Policy 13.8.1 states that the policy document "is public information and may be released upon request." It further indicates that the procedures manual is not public information. However, an Internet search reveals that the current version of Policy 13.8.1, including the procedures manual, is available for the public to view on the Department of Corrections' website.[1] Indeed, in 2017, Magistrate Judge Lisa Pupo Lenihan of the Western District of Pennsylvania discovered Policy 13.8.1, including Section 11, via an Internet search, noted that it was responsive to the inmate plaintiff's discovery request, and directed production of the policy. See Robinson v. Cameron, No. 3:16-cv-44, Doc. No. 55 (W.D. Pa.). Section 11(b) of the current policy appears to be substantially similar, if not identical, to the version in effect in February of 2014. Thus, given that the current version of Policy 13.8.1, including the procedures manual, is available to the public, the Court cannot in good faith uphold Defendant's objection to the request on the basis that Plaintiff seeks "policy/procedures that are kept confidential for security reasons." Accordingly, Defendant will be directed to produce to Plaintiff a copy of the version of Policy 13.8.1 in effect during February of 2014, including the procedures manual (which includes Section 11(b)), but excluding the various attachments.

---

[1] https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/13.08.01%20Access%20to%20Mental%20Health%20Care.pdf.

### C. Discovery Request Seven

Discovery request seven, and Defendant's responses, state:

> 7. Produce any and all reports of any actuarial risk assessment tools in determining Plaintiff Johnson's "Static 99" report.
>
> Response: OBJECTION. Defendant OBJECTS to this request on the basis that it seeks policy/procedures that are kept confidential for security reasons. The release of these documents would significantly increase the difficulty of DOC staff and administration to effectively maintain care, custody and control of inmates as well as provide security for the DOC staff and the general public.
>
> Supplemental Response: Defendant supplements this response by attaching the Declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Marsh, Psy.D., Licensed Psychologist Director for the DOC. These documents amplify and explain the reasons for the fact that the Static 99 procedures are not provided to inmates pursuant to DOC policy.

(Doc. No. 58-1 at 9.) In response, Defendants have submitted for in camera review a Static-99 report from a test administered to Plaintiff by Defendant on December 20, 2013, and a Static-99 report from a test administered to Plaintiff by another individual on April 26, 2017.

Defendant objects to the production of these reports on the basis that Static-99 procedures are not provided to inmates. As noted above, Marsh, in his declaration, states that "a number of the questions in the Static-99 are susceptible to manipulation by the inmates if they were to understand the significance of their responses to questions on the test." (Doc. No. 58-1 at 28 ¶ 9.) The two Static-99 reports, however, provide no detailed information regarding the Static-99 procedures. Rather, they simply set forth the ten (10) categories considered, the responsive codes for each, and the score for each. The Court cannot discern how production of these reports to Plaintiff could possibly lead to manipulation of the Static-99 by inmates, particularly in light of Marsh's statement that much of the information can be gleaned from an inmate's mental health record. (Id.) Accordingly, the Court will direct Defendant to produce the two requested Static-99 reports to Plaintiff.

### D. Discovery Request Eight

Discovery request eight, and Defendant's responses, state:

> 8. State the names, titles and duties of all staff members at SCI Dallas and Department of Corrections Central Offices who were personally involved and responsible for reviewing Plaintiff Johnson's eligibility requirements for admission into sex offender treatment program, as well as securing assessment information. If there is any record of correspondence between the aforementioned parties, produce the document(s).
>
> Response: Robert Marsh, PH. D. Licensed Psychologist Manager, Scott Buchanan, Ph. D., Licensed Psychologist Manager, and Julie Tilghman, Esq., former Counsel to DOC. See JohnsonT.DEF000008-000014. Please note redactions are for confidential information to which inmates are not entitled pursuant to DOC policy. The final redaction is not responsive to the question.
>
> Supplemental Response: This response is supplemented by reference to the fact that the Defendant provided an unredacted copy of the emails concerning his Static-99 test recommendation to the Plaintiff on August 25, 2017 as Exhibit C to Defendant's Answer to Motion to Compel. (Doc. 53)

(Doc. No. 58-1 at 10.)

Defendant has produced for <u>in camera</u> review several emails, including several between himself, Marsh, and Ms. Tilghman, concerning Plaintiff's eligibility requirements for admission into the SOTP. Defendant has already provided to Plaintiff an unredacted copy of the page Bates stamped as JOHNSON.DEF000009. Upon review of the documents provided by Defendant, the Court concludes that the pages Bates stamped as JOHNSON.DEF000010 through JOHNSON.DEF000014 should be produced to Plaintiff, as they provide insight into the determination regarding his Static-99 test recommendation. While Defendant initially redacted this correspondence because of "confidential information to which inmates are not entitled pursuant to DOC policy," as discussed above, the Court has concluded that Defendant must provide Plaintiff a copy of Policy 13.8.1, including Section 11(b), that was in effect in February of 2014.

**III.     CONCLUSION**

In accordance with the foregoing, the Court will grant Plaintiff's motion to compel (Doc. No. 57) insofar as the Court will direct Defendant to produce to Plaintiff: (1) a copy of the version of Policy 13.8.1 in effect during February of 2014, including the procedures manual (which includes Section 11(b)), but excluding the various attachments; (2) the two Static-99 reports from tests administered to Plaintiff on December 20, 2013, and April 26, 2017; and (3) the copies of the emails Bates stamped as JOHNSON.DEF000010 through JOHNSON.DEF000014.  An appropriate Order follows.