IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY JOHNSON, | : | |
|     Plaintiff | : | |
| | : | No. 1:16-cv-841 |
| v. | : | |
| | : | (Judge Kane) |
| KEVIN MISKELL, | : | |
|     Defendant | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On September 28, 2016, pro se Plaintiff Timothy Johnson ("Plaintiff") filed an amended complaint, in which he alleges that Defendant Miskell improperly assigned him to a sex offender treatment program that resulted in psychological and physical injury, as well as the denial of parole by the Commonwealth of Pennsylvania. (Doc. No. 20.) In a Memorandum and Order dated May 20, 2019, the Court granted a motion to compel filed by Plaintiff (Doc. No. 57) as follows: the Court granted the motion to the extent that Defendant Miskell was directed to produce to Plaintiff, within thirty (30) days of the Court's Order, copies of certain documents that were provided to the Court for in camera review; Defendant Miskell was directed to file a certificate of service indicating the date that such documents were provided to Plaintiff; and the parties were directed to file any dispositive motions within forty-five (45) days of the date that counsel filed the certificate of service.[1] (Doc. Nos. 77, 78.)

---

[1] The Court notes that Defendant Miskell had until June 19, 2019 to produce the documents to Plaintiff and file a certificate of service indicating that he had done so with the Court. To date, Defendant Miskell has not filed a certificate of service with the Court. The Court presumes, however, that Defendant Miskell has been unable to produce the documents to Plaintiff because Plaintiff's whereabouts are unknown.

The Court's Memorandum and Order were mailed to Plaintiff at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), where Plaintiff was incarcerated at the time. On May 31, 2019, the Memorandum and Order were returned as undeliverable, with a notation stating that Plaintiff had been paroled. (Doc. No. 79.) A forwarding address in Philadelphia was provided, and the May 20, 2019 Memorandum and Order were mailed to Plaintiff at that address. (Id.) On June 13, 2019, that mailing was also returned, with "moved" handwritten on the envelope. (Doc. No. 80.)

In an Order dated June 27, 2019, the Court noted that Plaintiff's last communication with the Court occurred on January 2, 2018 and that Plaintiff had neither provided a current address nor submitted any additional filings since that date. (Doc. No. 81.) Without Plaintiff's contact information, the Court stated, it could not "continue to process Plaintiff's claims against Defendant Miskell and Defendant Miskell cannot produce copies of discovery documents to Plaintiff." (Id. at 2.) Accordingly, the Court directed Plaintiff to show cause, within fourteen (14) days, why the above-captioned action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Id.) To date, Plaintiff has not responded to the show cause Order.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed both to prosecute this action and to comply with Local Rule 83.18 by failing to update his

address and failing to communicate with the Court since January 2, 2018.[2] When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

As to the first factor, the Court recognizes that it is Plaintiff's sole responsibility to comply with Court orders and rules. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Sanders v. Beard, Civ. No. 09-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); John v. Hogan, No. 1:CV-06-2197, 2008 WL 520093, at *3 (M.D. Pa. Feb. 26, 2008) (noting pro se plaintiffs have an obligation to keep the Court apprised of their current addresses). This Court has previously noted that failure to provide a current address, in violation of Local Rule 83.18, permits the Court to conclude that Plaintiff has abandoned the litigation and that dismissal of the action for failure to abide by Court orders and rules is fully justified. See, e.g., Hobson v. Harris, No. 1:17-CV-205, 2018 WL 3448500, at *3 (M.D. Pa. June 7, 2018), report

---

[2] Local Rule 83.18 charges pro se litigants with "maintain[ing] on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party." See L.R. 83.18.

and recommendation adopted, 2018 WL 3439195 (July 17, 2018); Juaquee v. Pike Cty. Corr. Facility Emps., No. 3:12-CV-1233, 2013 WL 432611, at *1 (M.D. Pa. Feb. 1, 2013). This factor, therefore, weighs in favor of dismissal.

Second, the Court must consider whether Plaintiff's failure to update his address and communicate with the Court has prejudiced Defendant Miskell. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008). However, "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." See id. In the instant case, Plaintiff's failure to update his address and litigate this case wholly frustrates and delays the resolution of this action. Moreover, as noted above, Defendant Miskell has not been able to comply with the Court's May 20, 2019 Memorandum and Order directing him to produce to Plaintiff copies of certain documents that were provided to the Court for in camera review because Plaintiff's whereabouts are unknown. The above-captioned action has been pending before the Court for more than three (3) years, and Defendant Miskell is plainly prejudiced by Plaintiff's failure to communicate. In such cases, dismissal of the case rests in the discretion of the Court. See Tillio v. Mendelsohn, 256 F. App'x 509, 509 (3d Cir. 2007). This factor, therefore, also weighs in favor of dismissal.

Examining the third factor, a history of dilatoriness, the Court observes that Plaintiff has failed to inform the Court of his current address and has not communicated with the Court since January 2, 2018. Plaintiff's failure to do so, coupled with his present conduct in failing to respond to the Court's June 27, 2019 Order to show cause why this action should not be dismissed, indicates an intent on the part of Plaintiff not to continue with the litigation. See

Pozoic v. Cumberland Cty. Prison, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna Cty. Prison, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). Accordingly, this factor also weighs in favor of dismissal.

The Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. Plaintiff's failure to abide by Court Orders and rules "demonstrate[s] a willful disregard for procedural rules and court directives." See Gilyard v. Dauphin Cty. Work Release, No. 1:10-CV-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Additionally, an examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that there is no reasonable basis to conclude that Plaintiff has the means to afford a monetary sanction because he is proceeding pro se and was granted leave to proceed in forma pauperis. See Stitely v. Trotta, No. 1:16-CV-733, 2017 WL 2664149, at *3 (M.D. Pa. Jan. 31, 2017), report and recommendation adopted, 2017 WL 2653211 (M.D. Pa. June 20, 2017). Moreover, when confronted by a pro se litigant who will not comply with Court rules, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63.

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery. See Poulis, 747 F.2d at 870. As noted above, Plaintiff alleges that Defendant Miskell violated his constitutional rights by improperly assigned him to a sex offender treatment program that resulted in psychological and physical injury, as well as the denial of parole by the Commonwealth of Pennsylvania. (Doc. No. 20.) Even assuming Plaintiff's claims are meritorious, this case cannot proceed at its current posture when Plaintiff has failed to keep the Court apprised of his current address and has not communicated with the Court since January 2, 2018. Moreover, it is well-settled that "no single Poulis factor is dispositive . . . [and it is] clear that not all of the Poulis factors need be satisfied

5

in order to dismiss a complaint." See Briscoe, 538 F.3d at 263 (internal quotation marks and citations omitted). Thus, upon balancing all of the Poulis factors, the Court finds that the relevant factors weigh heavily in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

**AND SO**, on this 18th day of July 2019, upon consideration of the foregoing, **IT IS ORDERED THAT** the above-captioned action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b), and the Clerk of Court is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
